IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,803-01





EX PARTE STEPHEN EDWIN KNOERR, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 48,399-A IN THE 239TH DISTRICT COURT


FROM BRAZORIA COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to five years' imprisonment. 

 Applicant contends that he was denied any notice that he would be considered for release on
mandatory supervision by the Texas Board of Pardons and Paroles under the discretionary
mandatory-supervision statute, Tex. Code Crim. Proc. art. 42.18, § 8(c), before the Board denied
him that release. 

 Applicant has alleged facts that, if true, might entitle him to relief. See Ex parte Retzlaff, 135
S.W.2d 45 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for making findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d), including requiring the office of General Counsel of the Texas
Department of Criminal Justice to obtain and submit affidavits from the appropriate divisions of the
department.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant is still incarcerated on this
cause and, if so, whether he was afforded adequate notice that he would be considered for release
on mandatory supervision by the Texas Board of Pardons and Paroles under the discretionary
mandatory-supervision statute. Ex parte Retzlaff, 135 S.W.3d 45 (Tex. Crim. App. 2004). The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 5, 2008

Do not publish